# In the United States District Court for the Southern District of Georgia Brunswick Division

```
VICTOR JONES,

    Plaintiff,
                                          2:21-CV-5
    v.

EMBASSY SUITES, INC., EMBASSY
SUITES EMPLOYER, LLC, EMBASSY
SUITES FRANCHISE, LLC, EMBASSY
SUITES MANAGEMENT, LLC, HILTON
WORLDWIDE, INC., HILTON
WORLDWIDE HOLDINGS INC., and
JOHN DOE, employee of Embassy
Suites by Hilton,

    Defendants.
```

### ORDER

Before the Court is Defendants' motion for summary judgment. Dkt. No. 32. For the reasons stated below, the Court does not reach the merits of Defendants' motion, and this case is **REMANDED** to the Superior Court of Glynn County.

### BACKGROUND

The crux of Plaintiff Victor Jones's complaint is the alleged unauthorized entry into his hotel room by hotel employees at the Embassy Suites by Hilton Hotel located in Brunswick, Georgia on October 17, 2018. Dkt. No. 1-1 at 2-16; Dkt. No. 32-2 at 2. Just under two years later, on October 16, 2020, Plaintiff filed this

lawsuit in Glynn County Superior Court against Embassy Suites, Inc., Embassy Suites Employer, LLC, Embassy Suites Franchise, LLC, Embassy Suites Management LLC, Hilton Worldwide, Inc., Hilton Worldwide Holdings, Inc., and John Doe.  Dkt. No. 1-1 at 3. Plaintiff alleges various Georgia state law claims, "includ[ing] but not limited to: A. Invasion of Privacy; B. Infliction of Emotional Distress; C. Breach of Contract; and D. Tortious Assault," as well as a Fourth Amendment invasion of privacy claim. Id. at 13.

On January 8, 2021, Defendants Embassy Suites Franchise, LLC, Hilton Worldwide, Inc., and Hilton Worldwide Holdings, Inc. filed a Notice of Removal to this Court.  Dkt. No. 1.  These Defendants asserted removal was warranted "pursuant to 28 U.S.C. §§ 1331 and 1441(a) based on the well-pleaded complaint rule in which plaintiff has pleaded a violation of the Fourth Amendment of the United State Constitution."  Id. ¶ 2.[1]

Defendants collectively moved for summary judgment, arguing that Plaintiff sued the wrong party because none of the named Defendants have any ownership interest in, business connection with, or management authority over the hotel.  Dkt. no. 32-2 at 4.

---

[1] Defendants John Doe, Embassy Suites Employer, LLC, Embassy Suites Management, LLC, and Embassy Suites, Inc. did not join the Notice of Removal, dkt. no. 1, presumably because they assert Plaintiff failed to perfect service upon them, see dkt. no. 5.  These defendants do, however, join—by special appearance—the motion for summary judgment.  See Dkt. No. 32.

2

In Plaintiff's response, without addressing the merits of Defendants' motion, he argues the Court does not have subject matter jurisdiction over this case and that it should be remanded to Glynn County Superior Court. Dkt. No. 35 at 1-3.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." "Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1556–57 (11th Cir. 1989)).

A federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Id.; see also id. ("[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction.").

3

Unquestionably, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the original state court. 28 U.S.C. § 1447(c). Accordingly, "a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court." Univ. of S. Ala., 168 F.3d at 411 (citations omitted).

## DISCUSSION

In the complaint, Plaintiff alleges, *inter alia*, that Defendants violated his "Constitutionally protected expectation of privacy under the Fourth Amendment to the U.S. Constitution." Dkt. No. 1-1 at 13. Thus, Plaintiff's claim appears to implicate federal-question subject-matter jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Indeed, Defendants relied upon Plaintiff's Fourth Amendment claim as the basis for removal. See Dkt. No. 1 ¶¶ 2, 4. However, it is black letter law that plaintiffs are permitted to challenge unconstitutional actions of only *state* actors, not *private* citizens or businesses. 42 U.S.C. § 1983 (applying to "[e]very person" who acts "under color of any statute, ordinance, regulation, customer, or usage, of any State"); Harvey v. Harvey, 949 F.2d 1127, 1131 (11th Cir. 1992) (state action

4

exists "only when private actors are given powers (or perform functions) that are 'traditionally the exclusive prerogative of the State'" (quoting Rendell-Baker v. Kohn, 475 U.S. 830, 842 (1982) (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974)))); see also Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (discussing differences between state and private actors).

Plaintiff does not allege, nor does it appear, that any of the Defendants are state actors acting under color of state law. See generally Dkt. No. 1-1. Indeed, in his response brief, Plaintiff concedes that "Defendants are not 'state actors.'" Dkt. No. 35 at 1.  Defendants have not challenged Plaintiff's contention.

Because Defendants are either private businesses or private citizens, Plaintiff cannot assert a constitutional violation claim against them via § 1983. Polk, 454 U.S. at 318. Thus, Plaintiff's Fourth Amendment claim is "wholly insubstantial and frivolous" and is, accordingly, insufficient to establish federal-question subject matter jurisdiction. See Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998); id. ("a federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous'" (quoting

5

Bell v. Hood, 327 U.S. 678, 682-83 (1946))). Plaintiff does not allege any other basis for federal-question subject matter jurisdiction. See Dkt. No. 1-1.

Furthermore, it does not appear on the face of the complaint that the Court has subject matter jurisdiction based on diversity. Dkt. No. 1-1 (stating that Plaintiff and John Doe are both Georgia citizens); see also 28 U.S.C. § 1332 (setting forth diversity of citizenship and amount-in-controversy requirements).

Because neither federal-question nor diversity subject matter jurisdiction exists, the Court is not authorized to hear this case. As such, this case is **REMANDED** to Glynn County Superior Court.[2]

## CONCLUSION

Having found neither a basis for federal question jurisdiction nor diversity jurisdiction, 28 U.S.C. § 1331 & 1332, the Court concludes that it **lacks subject matter jurisdiction** to

---

[2] As for Plaintiff's "motion" to remand, it is **DENIED as moot**. Moreover, it is well established that a plaintiff cannot move the Court to remand a case by imbedding the request in a responsive pleading. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made *by motion*. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." (emphasis added)); see also Goldwater v. Atlas Van Lines, Inc., No. 8:20-cv-3086-KKM-JSS, 2021 WL 1020994, at *1 (M.D. Fla. Mar. 17, 2021) ("A request for affirmative relief, such as a remand to state court, is not properly raised when included in an opposition to another motion."); cf. Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.").

6

decide this action.  Accordingly, this case must be **REMANDED** to the Superior Court of Glynn County.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 5th day of January, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA